UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOUYS DELAWARE SERIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KEY BANK NATIONAL ASSOCIATION,<br><br>Defendants. | Case No. C14-1546RSL<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on defendant's "Motion To Dismiss." Dkt. # 7. Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as follows.

## I. BACKGROUND

This action concerns real property in Lynnwood, WA ("Lynnwood Property") formerly owned by Hrag and Shoushan Salibian. Dkt. # 1-2 (Am. Compl.) ¶ 3.2. The Salibians' company, Taseda, LLC, entered a loan agreement ("Agreement") with defendant to finance the acquisition and development of land in Sumner, WA ("Sumner Property"). Id. ¶ 3.4. Under this Agreement, the Salibians would encumber the Lynnwood Property with deeds of trust ("DOTs") in favor of defendant in exchange for an $8.25 million loan from defendant, which would include funds for construction on the Sumner Property. Id. The DOTs, which were recorded in August 2007, included a DOT securing an $8.25 million loan to Taseda, LLC ("First DOT"),

ORDER GRANTING MOTION TO DISMISS - 1

and a DOT securing lines of credit extended to Nver Enterprises, Inc., in the total amount of $16.5 million ("Second DOT"). Dkt. # 8-1 (Exh. B, C). Defendant ultimately failed to provide the promised funding for the Sumner Property construction. Dkt. # 1-2 ¶ 3.7.[1]

In March 2009, the Salibians executed and recorded a quitclaim deed conveying the Lynnwood Property to plaintiff. Dkt. # 8-1 (Exh. A). This deed gave plaintiff the Salibians' interest in the Lynnwood Property, "SUBJECT TO: . . . deeds of trusts, mortgages, liens . . . and encumbrances of record, if any." Id.

Plaintiff brought this action in state court in September 2014 seeking to quiet title to the Lynnwood Property; the case was removed to this Court in October 2014. Dkt. # 1 (Notice of Removal). Plaintiff alleges that the DOTs are invalid and should be extinguished for failure of consideration. Dkt. # 1-2 ¶ 4.1; Dkt. # 12 (Pl. Resp.) at 1.[2] Specifically, plaintiff alleges that defendant's failure to provide the Sumner construction funding to the Salibians, as per the Agreement between defendant and the Salibians, renders the DOTs invalid for failure of consideration. Dkt. # 1-2 ¶ 3.7. Defendant has moved to dismiss. Dkt. # 7.

## II. LEGAL STANDARD

Although a complaint need not provide detailed factual allegations, it must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual mater, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555); plaintiff's allegations must "raise a right to relief above the speculative level," Twombly, 550 U.S. at 555. In ruling on such a motion, the Court

---

[1] While the entire $8.25 million loan discussed in the Agreement (including the construction funding) was apparently secured by the First DOT, Dkt. # 8-1 (Exh. B) at 14, the Complaint also indicates that, under the Agreement, the Second DOT was also executed in exchange for the construction funds. Dkt. # 1-2 ¶ 3.5. While this Agreement has not been presented to the Court, the Court accepts the Complaint's statement as to its terms as true for the purposes of the instant motion.

[2] The Court will accept plaintiff's late-filed response to the instant motion. Dkt. # 12. Plaintiff's motion for leave to file this response is granted. Dkt. # 11.

ORDER GRANTING MOTION TO DISMISS - 2

must assume the truth of a plaintiff's well-pled facts and draw all reasonable inferences in its favor. Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 663 (9th Cir. 1998).

A complaint may be found deficient for failing to assert (a) a cognizable legal theory or (b) sufficient facts to support a cognizable legal theory. Zixiang v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). If the Court dismisses a complaint or portions thereof, it must grant the plaintiff leave to amend under Fed. R. Civ. P. 15(a)(2), "unless it is clear that the complaint could not be saved by any amendment." Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003).

The Court generally may not consider material beyond the pleadings in ruling on a motion to dismiss. Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (9th Cir. 2010). However, the Court may consider material properly submitted as part of a complaint, may consider documents whose contents are alleged in the complaint and whose authenticity is not questioned, and may take judicial notice of matters of public record without converting the motion to dismiss into a motion for summary judgment. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

### III. DISCUSSION

#### A.   The Parties' Arguments

Defendant's argument for dismissal is threefold. First, defendant argues that plaintiff may not challenge the validity of the DOTs given that the quitclaim deed expressly stated that plaintiff would take the Lynnwood Property subject to recorded deeds of trust. Dkt. # 7 at 2. Second, defendant argues that plaintiff may not challenge the validity of the DOTs before the loan obligations underlying the DOTs have been satisfied, citing Washington and District Court precedent. Id. at 4-5 (citing Evans v. BAC Home Loans Servicing LP, 2010 WL 5138394, at *3 (W.D. Wash. 2010) ("Plaintiffs cannot assert an action to quiet title against a purported lender without demonstrating they have satisfied their obligations under the Deed of Trust.")). Defendant emphasizes that it is undisputed that defendant leant money to Taseda, LLC and Nver Enterprises, Inc. that has not been repaid. Dkt. # 13 at 2-3. Finally, defendant argues that

ORDER GRANTING MOTION TO DISMISS - 3

plaintiff's claim is improperly focused on a "supposed contractual defect" between defendant and the Salibians; defendant cites the settled Washington law rule that a plaintiff "in an action to quiet title must succeed on the strength of his own title and not on the weakness of his adversary." Dkt. # 7 at 5 (quoting Bavand v. OneWest Bank, F.S.B., 176 Wn. App. 475, 502 (2013)).

Plaintiff argues in response that it acquired the ability to challenge the validity of the DOTs when it acquired the Salibians' interest in the Lynnwood Property. Dkt. # 12 at 3. Plaintiff emphasizes that because defendant never provided the promised construction funding to the Salibians, the DOTs (which were premised on this loan) are invalid for failure of consideration, and did not suddenly become enforceable simply by conveyance of the land. Id. at 1.

**B.     Analysis**

While case law states that a plaintiff may not seek to quiet title to encumbered property until it has satisfied the obligations underlying the deeds of trust on the property, this rule does not by itself resolve the instant case, because plaintiff here is essentially arguing that there are no valid underlying obligations to satisfy. The above rule applied in Evans, 2010 WL 5138394, at *4, because plaintiff there had defaulted on a presumably-valid loan. Here, plaintiff argues that there is no valid loan agreement because the agreed-upon consideration for the agreement (which included construction funding for the Sumner Property) failed to completely materialize. The Court finds it implausible that Washington courts would insist on plaintiffs tendering payment on an invalid debt before challenging the validity of a deed of trust. See Ward v. Wells Fargo Home Mortgage, Inc., 2014 WL 3885836, at *3 (N.D. Cal. Aug. 7, 2014) ("[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured . . . Thus, tender is required to maintain an action to quiet title unless the borrower challenges the validity of the underlying debt.") (internal citations and quotation marks omitted) (interpreting California law). Therefore, the questions presented are whether a valid debt existed on the Lynnwood Property

ORDER GRANTING MOTION TO DISMISS - 4

and whether plaintiff can challenge the validity of that debt.[3]

According to plaintiff, the debt underlying both DOTs is governed by the Agreement between the Salibians and defendant (which has not been presented to the Court), and the Salibians' obligations were contingent on defendant providing construction funding for the Sumner Property. See Dkt. # 12 at 3; Dkt. # 1-2 ¶ 3.5. Plaintiff claims that it gained the right to bring this action challenging the DOTs when it acquired "all the Salibians' interest in the [Lynnwood] property by Quit Claim Deed." Dkt. # 12 at 3; Dkt. # 8-1(Exh. A). It is true that, under RCW 64.04.050, quitclaim deeds give grantees "all the then existing legal and equitable rights of the grantor in the premises therein described[.]" However, plaintiff has not alleged that it actually assumed the Salibians' obligation to pay the DOTs' underlying loans, or that it ever assumed (and became a party to) the Agreement between the Salibians and defendant. Taking title to encumbered property and assuming contracts related to the encumbrances are distinct concepts. See Fluke Capital & Mgmt. Servs. Co. v. Richmond, 106 Wn.2d 614, 621-22, (1986) ("This court will hold the transferee of land that is subject to a mortgage personally liable for the debt underlying that mortgage only upon clear and convincing proof of the assumption of the debt."); see also First Interstate Bank of Wash., N.A. v. Nelco Enter., Inc., 64 Wn. App. 158, 163 (1992) ("Simply describing the debt in a deed, without additional proof, is insufficient evidence of assumption."). From the record before the Court, it appears that plaintiff is a stranger to the Agreement that it is attempting to challenge.

There is disparate authority (and no Washington case directly on point) regarding whether a transferee in plaintiff's position may challenge DOTs and their underlying obligations. The Third Restatement of Property holds that a transferee who takes property "subject to" a mortgage but does not assume the mortgage may not raise the transferor's defenses to the mortgage, even "failure of consideration," unless (a) the transfer was a gift or (b) the transferee paid "full price"

---

[3] The Court finds similarly unpersuasive defendant's argument that plaintiff's claim is not based "on the strength of its own title." Plaintiff is arguing that the only cloud on its title – the deed of trust and the underlying debt – is invalid, and that no outstanding debt exists.

ORDER GRANTING MOTION TO DISMISS - 5

in cash for the property with the understanding that the transferor would discharge the mortgage obligation.  Restatement (Third) of Property (Mortgages) § 5.2 cmt. d (1997).[4]  While there is no basis for inferring that the Salibians were expected to satisfy the deed of trust, the Salibians quitclaimed the Lynnwood Property to plaintiff "for no consideration," arguably suggesting a gift transfer.  Dkt. # 8-1 (Exh. A).  Precedents from other states suggest different governing principles.  Compare Pac. First Fed. Sav. & Loan Ass'n v. Lindberg, 667 P.2d 535, 536 (Or. 1983) (adopting what the court considered the "general rule" that "a grantee of mortgaged property who takes the property 'subject to' the mortgage cannot dispute its validity.") (collecting cases), and Irwin v. Grogan-Cole, 590 So.2d 1102, 1104 (Fla. Dist. Ct. App. 1991) (transferee who took land subject to mortgage without assuming underlying obligation could not challenge validity of the mortgage, where mortgage was valid at the time of transfer); with Wilson v. Wells Fargo Bank, Nat. Ass'n, 2014 WL 815352, at *4 (N.D. Tex. Mar. 3, 2014) (noting that Texas courts consider purchasers of real property subject to mortgages to have standing to challenge foreclosure sales given that they have property rights that will be affected by these sales).

      Nevertheless, in determining what approach a Washington court would take, the Court finds direction in Washington precedent.  As the Washington Court of Appeals has recently noted, "a stranger to a contract may not challenge the contract's validity based on inadequate consideration.  Because consideration constitutes the heart of the parties' bargain, this defense to a contract is personal to the contracting parties."  Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc., 168 Wn. App. 56, 80 (2012).  While Newport used this rule to reject a challenge to a quitclaim deed to the property in dispute, id., this is the most applicable state law rule that the Court has found, and plaintiff has provided no relevant authority to suggest that a

---

[4] The underlying premise of this rule is that the transferee is generally expected to discharge the mortgage obligation, and that it would constitute "unjust enrichment" for a transferee to avoid this expectation by raising the transferor's defenses.  Id.

ORDER GRANTING MOTION TO DISMISS - 6

different rule should be applied.[5]  Plaintiff has apparently not assumed the Agreement between the Salibians and defendant, and therefore plaintiff may not argue that the Agreement (and thus the DOTs) fail for failure of consideration.  Because Newport suggests that plaintiff could have standing to bring this action if it alleged that it became a party to the Salibians' Agreement and assumed their obligations under the DOTs, plaintiff's claim must be dismissed with leave to amend.

## IV.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiff's motion for leave, Dkt. # 11, and GRANTS defendant's motion to dismiss, Dkt. # 7.  The Court DISMISSES plaintiff's claim with leave to amend.  Plaintiff may file an amended complaint to cure the identified deficiencies within twenty-one (21) days of the date of this order.

DATED this 6th day of January, 2015.

       *MNT S Lasnik*
Robert S. Lasnik
United States District Judge

---

[5] Contrary to plaintiff's suggestion, the Court finds that the analysis in Corning v. Aldo, 185 Wn. 570 (1936) provides no guidance on this issue.

ORDER GRANTING MOTION TO DISMISS - 7